UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHAUNCEY GIRARD,

                      Plaintiff,

    v.                                                          9:15-CV-0187
                                                                     (TJM/DJS)

A. HICKEY, et al.,

                      Defendants.

---

APPEARANCES:

CHAUNCEY GIRARD
11-A-1352
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN         JOHN F. MOORE, ESQ.
New York State Attorney General         Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION AND ORDER

**I.**     **INTRODUCTION**

Plaintiff Chauncey Girard commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that his constitutional rights were violated by the defendants during his confinement at Auburn Correctional Facility ("Auburn C.F."). Dkt. No. 1 ("Compl."). Plaintiff also filed an application to proceed in forma

pauperis. Dkt. No. 5 ("IFP Application"). By Decision and Order filed March 23, 2015, plaintiff's IFP Application was granted and the sufficiency of the claims asserted in the complaint was considered in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 9 (the "March 2015 Order"). On the basis of that review, the Court: (1) dismissed with prejudice the claim that defendant Cuttle verbally threatened him; (2) dismissed without prejudice the Fourteenth Amendment due process claim against defendant Cuttle; the Fourteenth Amendment equal protection claims against defendants Hickey, Venditti, Thomas,[1] Abate, Gilfus, and Cuttle and all claims against defendant Graham; (3) dismissed Graham and Cuttle as defendants without prejudice; and (4) found that the Eighth Amendment excessive force claims against defendants Hickey, Venditti, Thomas, Abate, and Gilfus and the First Amendment retaliation claims against defendants Hickey, Venditti, and Thomas survived sua sponte review and required a response. March 2015 Order at 10-11. Defendants Hickey, Venditti, Thomas, Abate, and Gilfus submitted an answer, and a Mandatory Pretrial Discovery and Scheduling Order issued. Dkt. Nos. 40, 42.

Plaintiff has filed five motions to amend his complaint. Dkt. No. 38 ("First Motion to Amend"), Dkt. No. 39 ("Second Motion to Amend"), Dkt. No. 47 ("Third Motion to Amend"), Dkt. No. 59 ("Fourth Motion to Amend"), and Dkt. No. 64 ("Fifth Motion to Amend"). Plaintiff has also filed a motions for preliminary injunctive relief (Dkt. No. 43) and for appointment of counsel (Dkt. Nos. 51, 81). Defendants oppose the motions to amend and for preliminary injunctive relief. Dkt. Nos. 48, 57, 61, and 67. In light of the multiple motions, the discovery and dispositive motion filing deadlines were reset until April 20, 2016, and June 20, 2016,

---

[1] Plaintiff's complaint identified this defendant as "C. Tomas," but upon this defendant's appearance, the docket was modified to reflect that his actual name is "Charles Thomas." See Dkt. No. 26. The Court will refer to this defendant as Thomas.

2

respectively.[2]  Dkt. No. 71.

## II. MOTIONS TO AMEND

### A. The Legal Standard

The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provide that courts "should freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F. 3d 208, 212-13 (2d Cir. 2011) (internal quotation marks omitted).  Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility."  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283).  However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Monahan*, 214 F.3d at 283.  An amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see also Malesko v. Corr. Serv. Corp.*, 229 F.3d 374, 382-84 (2d Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001) (A proposed amended complaint seeking to assert claims

---

[2] The remaining pretrial deadlines have expired.

barred by the statute of limitations is futile and must be denied).

While there are a number of factors to be considered, "[p]erhaps the most important reason for denying leave to amend occurs when the opposing party will be unduly prejudiced by an amendment to the pleading." *Messier v. Southbury Training School*, No. 94-CV-1706, 1999 WL 20907, at *3 (D. Conn. Jan. 5, 1999); *see also Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586, 2014 WL 4460393, at *10 (S.D.N.Y. Sept. 11, 2014). The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion. *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

Rule 15(d) of the Federal Rules of Civil Procedure provides that "on motion . . . the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The decision to grant or deny a Rule 15(d) motion is committed to the sound discretion of the district court. *Phillips v. Lavalley*, No. 9:12-CV-0610 (DNH/RFT), 2013 WL 1681422, at *5-6 (N.D.N.Y. Mar. 1, 2013) (citing *Quentin Group LLC. v. Interlink Prod. Int'l, Inc.*, No. 97 Civ. 0108, 1997 WL 313156, at *2 (S.D.N.Y. June 9, 1997)); *see also Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)). Rule 15(d) allows a party to supplement a pleading with matters that occurred after the filing of the original complaint, but pertain to the original pleading. *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991); *see also McLean v. Scully*, No. 90 Civ. 2590, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (the supplemental pleading should be "adequately related to the originally stated claims"). The standard for a motion to supplement is the same as for a motion to amend the pleadings under Rule 15(a). *Klos v. Haskell*, 835 F. Supp. 710,

715 (W.D.N.Y. 1993).

In the case of proposed amendments where new defendants are to be added, the Court must also look to Rules 20 and 21.  *Ward v. LeClaire*, No. 9:07-CV-0026 (LEK/RFT), 2008 WL 182206, at *3 (N.D.N.Y. Sept. 26, 2007) (citing *United States v. Chilstead Bldg. Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.)).  Rule 21 states that a party may be added to an action "at any time [and] on just terms."  Fed. R. Civ. P. 21.  Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable."  *Goston v. Potter*, No. 9:08-CV-0478 (FJS/ATB), 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010) (quoting *United States v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations marks omitted)).[3]  Rule 20(a)(2) is liberally construed "so as to promote judicial economy and to allow related claims to be tried within a single proceeding."  *Equal Emp't Opportunity Comm'n v. Nichols Gas & Oil, Inc.*, 518 F. Supp. 2d 505, 508-09 (W.D.N.Y. 2007) (citing, inter alia, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970)).

### B. Analysis

Because plaintiff has submitted a series of motions seeking permission to amend his complaint, the Court will first review the Fifth Motion to Amend, which plaintiff has labeled as his "Final Amended Complaint and Addition."  Dkt. No. 64.

---

[3] "Rule 21 cannot be read alone but must be read in the light of Rules 18, 19 and 20[.]"  *Commercial Bank of N. Am,*, 31 F.R.D. at 135.  In this respect, the federal rules state, in part, that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

5

### 1. The Fifth Motion to Amend

Construing plaintiff's Fifth Motion to Amend liberally, in addition to requesting permission to amend his original claims against the original defendants, plaintiff seeks permission to supplement his complaint to assert allegations of wrongdoing against new defendants that occurred after he filed his complaint. *See generally* Fifth Motion to Amend. Specifically, the proposed amended pleading alleges wrongdoing by the original defendants to this action that occurred, if at all, at Auburn C.F. between December 23, 2014 and February, 2015. *Id.* Plaintiff also requests permission to add multiple new defendants to this action in order to assert allegations against them relating in small part to events that took place while he was still at Auburn C.F., but in large part to subsequent events that occurred at Upstate Correctional Facility ("Upstate C.F.") between February, 2015 and March, 2015; at Clinton Correctional Facility ("Clinton C.F.") between March 2015 and June or July, 2015; and at Great Meadow Correctional Facility ("Great Meadow C.F.") beginning on or about July, 2015. *Id.*

#### a. Alleged Wrongdoing at Auburn C.F.

In his proposed amended complaint, plaintiff restates (1) the Eighth Amendment excessive force claims against defendants Thomas, Hickey, Venditti, Abate, and Gilfus and (2) the First Amendment retaliation claims against defendants Hickey, Venditti, and Thomas that survived sua sponte review, as set forth in the March 2015 Order. Fifth Motion to Amend at 3-4. Plaintiff also seeks to restate claims against defendants Graham and Cuttle that were dismissed without prejudice by the March 2015 Order, and to assert claims arising out of his confinement at Auburn C.F. against newly named defendants Conners, Dugan, Walawender, Annucci, Bellamy, and Koenigsman. *Id.* at 3-6. In support of these new claims, plaintiff

6

alleges the following. In retaliation for a lawsuit that plaintiff had filed against him, defendant Graham retaliated against plaintiff by placing him near defendant Thomas whom he knew presented a danger to plaintiff; plaintiff was then allegedly assaulted by defendant Thomas. *Id.* at 2-3. As a result of alleged assaults on December 23, 2014, plaintiff suffered the following injuries: bruises, lacerations in his mouth, a "muscular Bone Injury," difficulty breathing, a rip in his stomach, and loss of consciousness. *Id.* at 4. Defendants Conners and Dugan denied plaintiff appropriate medical care for his serious injuries following the assaults. *Id.* at 3-4. Defendant Cuttle presided as hearing officer over plaintiff's disciplinary hearing. *Id.* at 4-5. Prior to the hearing Cuttle threatened to find plaintiff guilty, and in the course of the proceedings, he denied plaintiff assistance the right to present evidence. *Id.* Cuttle found plaintiff guilty and sentenced him to serve 365 days in the Special Housing Unit, a 365-day loss of privileges, and a 6-month loss of good time. *Id.* Plaintiff wrote to defendants Annucci, Bellamy, and Koenigsman about his assault and medical needs, but they were deliberately indifferent to plaintiff's needs. *Id.* at 6. Defendant Bellamy did, however, respond to plaintiff. *Id.* Plaintiff requested assistance from defendant Walawender but she "fail[ed] to acknowledge that cry for help." *Id.* at 5. Construed liberally, the proposed amended complaint alleges the following claims that arose during plaintiff's incarceration at Auburn C.F. against the following defendants: (1) Eighth Amendment excessive force claims against defendants Thomas, Hickey, Venditti, Abate, and Gilfus; (2) First Amendment retaliation claims against defendants Hickey, Venditti, Thomas, and Graham; (3) an Eighth Amendment failure-to-protect claim against defendant Graham; (4) a Fourteenth Amendment due process claim against defendant Cuttle; (5) Eighth Amendment medical indifference claims against defendants Conners, Dugan, and Walawender; and (5) supervisory claims

7

against defendants Annucci, Bellamy, and Koenigsman.

Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court grants plaintiff's motion to amend insofar as he seeks to assert the claims against defendants Thomas, Hickey, Venditti, Abate, Gilfus, Graham, Cuttle, Conners, Dugan, Annucci, and Koenigsman, as those claims are outlined herein above. However, the Court finds that plaintiff fails to state a claim against defendants Walawender or Bellamy, and thus the Court denies this aspect of his Fifth Motion to Amend.

Although plaintiff's Fifth Motion to Amend has been granted with respect to the Fourteenth Amendment due process claim against defendant Cuttle, for the reasons that follow, the Court will not at the present time direct service of the amended complaint upon defendant Cuttle or require a response from defendant Cuttle to the amended complaint.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S at 487 (internal citation omitted).[4] Moreover, the *Heck* Court directed that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (emphasis

---

[4] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

added).[5]  Conversely, where the Section 1983 action even if successful will *not* demonstrate that invalidity of any outstanding criminal judgment or prison disciplinary determination against the plaintiff, the court should allow the action to proceed.  *See id.* (footnote omitted). In a subsequent case, *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court made clear that Heck's favorable termination rule applies to challenges made under Section 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good time credits. *Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006).

In *Peralta*, the Second Circuit ruled that Heck's "favorable termination" rule was not an absolute bar to a prisoner subject to "mixed sanctions," i.e., "sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement . . . ."  *Id.* at 104.  The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*"  *Id.* (emphasis in original).

Because plaintiff received both segregated confinement and a recommended loss of good time as a result of defendant Cuttle's actions, plaintiff was subjected to "mixed sanctions" affecting both the duration and the conditions of his confinement.  Since plaintiff has not demonstrated that this determination has been invalidated, the Court finds that *Heck* bars the claim against defendant Cuttle unless plaintiff "abandon[s], not just now, but also in

---

[5]  In a subsequent case, the Supreme Court noted that "Heck uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of the confinement."  *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (citation omitted).  The Court further explained that "*Heck* uses the word 'sentence' interchangeably with such other terms as 'continuing confinement' and 'imprisonment.'"  *Id.* (citing [*Heck,*] 512 U.S., at 483, 486, 114 S. Ct. 2364) (other citation omitted).

any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit." (i.e., the recommended loss of good time). *Id.*

Accordingly, plaintiff is directed to advise the Court in writing, within thirty (30) days of the filing date of this Decision and Order, whether he waives for all times all claims against defendant Cuttle in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with his claims against defendant Cuttle challenging the sanctions affecting the conditions of his confinement. The Court specifically advises plaintiff that the Court will deem his failure to file this statement (the "*Peralta* Waiver") within the required time to constitute his refusal to waive these claims, and such failure will result in the dismissal of defendant Cuttle, and the Fourteenth Amendment due process claim against him, from this action without prejudice.

### b. Claims Arising at Upstate C.F., Clinton C.F., and Great Meadow C.F.

The remainder of plaintiff's proposed amended complaint relates to alleged misconduct that occurred, if at all, after plaintiff was transferred out of Auburn C.F. in or about February, 2015. Fifth Motion to Amend at 6-9. Defendants oppose the addition of these new defendants and claims arguing, among other things that these claims concern "separate incidents" which are "unrelated" to the original Auburn C.F. claims, "each of which involved completely different Defendants" and which did not occur at Auburn C.F., but rather at "separate correctional facilities." Dkt. No. 67-1 at 7-19. Defendants assert that the joinder of these multiple individuals and claims is improper because the claims do not present common questions of law and fact; the claims do not arise out of the same transaction or occurrence as the original claims; defendants would be prejudiced if the new claims were

10

allowed to go forward; the claims involve different evidence and witnesses; and there is no evidence to suggest that judicial economy would be served by joining these new claims and defendants. *Id.* at 8-19 (citing, inter alia, Fed. R. Civ. P. 20, 21).

"Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case." *Amusement Indus., Inc.*, 2014 WL 4460393, at *13 (collecting cases). In addition, leave to amend is properly denied "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (internal citation omitted).

The Court has reviewed plaintiff's proposed amended complaint thoroughly and with due regard for his status as a pro se litigant. Based upon that review, and considering the factors for granting amendment and supplementation of a complaint, the Court finds that the claims arising during plaintiff's confinement at Upstate C.F., Clinton C.F., and Great Meadow C.F. that plaintiff now seeks to pursue in this action are legally and factually distinct from the pending claims arising during his confinement at Auburn C.F. Apart from Annucci and Koenigsman, who are employed at the Central Office for the New York State Department of Corrections and Community Supervision, none of the new defendants are alleged to have been involved in the matters which gave rise to the Auburn C.F. claims. The mere fact that some of plaintiff's claims relate to his alleged need for medical care for injuries allegedly sustained at Auburn C.F. does not alter this Court's conclusion that the claims are distinct and unrelated, because any medical care claims arising after plaintiff's transfer out of Auburn C.F. are, with the exception of supervisory defendants Annucci and Koenigsman, against

new defendants at new facilities, and would require different discovery, witnesses, and evidence.

In considering plaintiff's motion, the Court is mindful of the fact that discovery has not been completed. However, because this case presently includes multiple causes of action asserted against multiple defendants, the Court finds that the addition of numerous other defendants and unrelated claims arising at entirely distinct locations will necessarily prolong this action and impose additional expense on defendants. Moreover, the Court finds that adding these new claims would not aid in the efficient resolution of this action. *See Andino v. Fischer*, 698 F. Supp. 2d 362, 374 (S.D.N.Y. 2010) (denying motion to supplement because "such a supplementation does not aid in the efficient resolution of the instant action" and would prejudice the existing defendants).

Based upon the foregoing, the Court denies the remaining portions of plaintiff's Fifth Motion to Amend alleging claims that arose at Upstate C.F., Clinton C.F., and Great Meadow C.F., after he was transferred out of Auburn C.F.[6]

### 2. The Remaining Motions to Amend

Plaintiff's Fifth Motion to Amend has been granted in part and denied in part, and the proposed amended pleading, as modified by this Decision and Order, is the operative pleading. In light of this, plaintiff's First, Second, Third, and Fourth Motions to Amend (Dkt. Nos. 38, 39, 47, and 59) are denied as moot.

## III. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

"In general, district courts may grant a preliminary injunction where a plaintiff

---

[6] Should plaintiff wish to pursue his supplemental claims, he may do so by filing a separate civil action(s).

12

demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

In his motion for preliminary injunctive relief, plaintiff claims that he has "life

13

threatening" injuries and is "being deprived [of] medical attention." Dkt. No. 43-2 at 1. In a supplemental submission, plaintiff alleges that he is not safe at Great Meadow C.F. because he is being "harassed and sexually assaulted" by staff at that facility. Dkt. No. 55 at 1-2. Construed liberally, plaintiff requests a court order directing that he receive adequate medical care from "an Outside Hospital Doctor" and that DOCCS staff be enjoined from assaulting and harassing him. Dkt. No. 43 at 1; *see also* Dkt. No. 43-2 at 1. Plaintiff requests injunctive relief against the following defendants - Dugar, Hickey, Thomas, Gilfus, Venditti, Abate, Cuttle, Graham, Annucci, and Koenigsman; as well as against the following non-parties - Silver Bird,[7] Yuiser, Rogue, Western, Novack, Melecio, Uhler, Miller, Sullivan, and John Doe. Dkt. No. 43 at 1.

Defendants have responded in opposition to the motion. Dkt. No. 48. Defendants argue, among other things, that plaintiff does not allege irreparable harm, his request for relief (apart from his request for money) is "patently unclear," and plaintiff fails to show a likelihood of success on the merits. *Id.* at 3-4.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1,

---

[7] In the Fifth Motion to Amend, plaintiff appears to refer to this defendant at Silverberg. Dkt. No. 64 at 1.

14

2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Here, plaintiff alleges that since his transfer to Great Meadow C.F. in or about July, 2015, he has been harassed, assaulted and denied medical care. *See* Dkt. No. 43. These allegations are not sufficiently related to the claims in the newly accepted amended complaint that he was assaulted, denied medical care, retaliated against, and denied due process at Auburn C.F. in 2014 through February, 2015. *See generally* Fifth Motion to Amend.

Even if the allegations in plaintiff's motion were related to the claims in the underlying amended complaint, the motion would still be denied because plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

To the extent that plaintiff seeks injunctive relief against Silver Bird, Yuiser, Rogue, Western, Novack, Melecio, Uhler, Miller, Sullivan, and John Doe who are not defendants in the present action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of*

*Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Finally, in this Circuit, "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *see also Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). Thus, insofar as plaintiff seeks injunctive relief against defendants Dugar, Hickey, Thomas, Gilfus, Venditti, Abate, Cuttle, Graham, who are all employed at Auburn C.F., that aspect of his motion is denied.

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 43) is denied in its entirety.

## IV. MOTIONS FOR APPOINTMENT OF COUNSEL

Turning to plaintiff's motions for appointment of counsel, Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather,

each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 621).

Even if the Court were to conclude that plaintiff's position seems likely to be of substance, the Court finds that the relevant factors weigh decidedly against granting plaintiff's motion at this time. For example, the Court finds that: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination, if or when this case progresses to trial, as is the case in many actions brought under Section 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel," *Velasquez*, 899 F. Supp. at 974; (4) if this case survives any dispositive motions filed by defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference; and (5) it is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. Although plaintiff claims that "due to [his] mental ability" he is unable to effectively litigate his claims, plaintiff's exhibit in support of his request for appointment of counsel, *see* Dkt. No. 81 at 4,[8] and his multiple submissions filed to date in this action, belie this claim. Indeed, plaintiff has been able to file a motion for injunctive relief and five motions to amend, and has been successful in amending his original claims to re-instate claims and defendants that were originally dismissed.

For these reasons, plaintiff's motions for the appointment of counsel (Dkt. Nos. 51, 81) are denied.

---

[8] This exhibit indicates that when plaintiff was examined in March, 2014, his thought process was "organized, linear and logical" and his mood was "stable." *Id.*

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Fifth Motion to Amend (Dkt. No. 64) is **GRANTED in part and DENIED in part** as set forth above; and it is further

**ORDERED** that the Clerk of the Court is directed to (i) file the proposed amended complaint (Dkt. No. 64 at 2-10) as the amended complaint in this action; and (ii) revise the docket to add Anthony Annucci, Commissioner; Carl Koenigsman, Medical Deputy; Harold Graham, Superintendent, Auburn Correctional Facility; Cuttle, Captain, Auburn Correctional Facility; Conners, Sergeant, Auburn Correctional Facility; and Jessica Dugan, R.N., Auburn Correctional Facility as defendants.[9] The amended complaint, **as modified herein**, will supersede and replace the previously filed complaint and will be the operative pleading;[10] and it is further

**ORDERED** that the Clerk shall issue summonses for defendants Annucci, Koenigsman, Graham, Conners, and Dugan, and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Annucci, Koenigsman, Graham, Conners, and Dugan; and it is further

**ORDERED** that a formal response to plaintiff's amended complaint be filed by defendants Annucci, Koenigsman, Graham, Conners, and Dugan, or their counsel, as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

---

[9] The only defendants remaining in this action are Hickey, Venditti, Abate, Thomas, Gilfus, Graham, Cuttle, Conners, Dugan, Annucci, and Koenigsman.

[10] The claims that remain in this action are the following claims arising during plaintiff's confinement at Auburn C.F.: (1) Eighth Amendment excessive force claims against defendants Thomas, Hickey, Venditti, Abate, and Gilfus; (2) First Amendment retaliation claims against defendants Hickey, Venditti, Thomas, and Graham; (3) an Eighth Amendment failure-to-protect claim against defendant Graham; (4) a Fourteenth Amendment due process claim against defendant Cuttle; (5) Eighth Amendment medical indifference claims against defendants Conners and Dugan; and (5) supervisory claims against defendants Annucci and Koenigsman.

18

**ORDERED** that defendants Hickey, Venditti, Abate, Thomas, and Gilfus shall file a response to the amended complaint **within (30) thirty days** of the filing date of this Decision and Order; and it is further

**ORDERED** that plaintiff shall advise the Court in writing, **within thirty (30) days** of the filing date of this Decision and Order, whether he waives **for all times** all claims against defendant Cuttle in this action relating to disciplinary sanctions affecting the duration of his confinement (recommended good time loss) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement (i.e., the *Peralta* Waiver); and it is further

**ORDERED** that in the event plaintiff fails to timely file the required *Peralta* Waiver, he will be deemed to have refused to waive the claims against defendant Cuttle relating to disciplinary sanctions affecting the duration of his confinement (recommended good time loss), and the Fourteenth Amendment due process claims against defendant Cuttle alleged in the amended complaint shall be dismissed without prejudice, without further order of this Court. In that event, defendant Cuttle will also be dismissed from this action without prejudice; and it is further

**ORDERED** that upon plaintiff's filing of the *Peralta* Waiver, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that plaintiff's First, Second, Third, and Fourth Motions to Amend (Dkt. Nos. 38, 39, 47, and 59) are **DENIED**; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 43) is **DENIED**; and it is further

**ORDERED** that plaintiff's motions for appointment of counsel (Dkt. Nos. 51, 81) are

**DENIED**; and it is further

**ORDERED** that the following pretrial deadlines are reset: discovery is due by May 20, 2016, and dispositive motions are to be filed by July 15, 2016; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: March 4, 2016

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge