UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHAUNCEY GIRARD,

                Plaintiff,
    v.                                            9:15-CV-0187
                                                   (TJM/DJS)

CUTTLE, et al.,

                Defendants.
_____

APPEARANCES:                              OF COUNSEL:

CHAUNCEY GIRARD
11-A-1352
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN          JOHN F. MOORE, ESQ.
New York State Attorney General          Ass't Attorney General
Attorney for Defendants Hickey,
 Venditti, Abate, Thomas, Gilfus
State of New York
The Capitol
Albany, NY 12224

THOMAS J. MCAVOY
United States District Judge

# DECISION AND ORDER

      Plaintiff Chauncey Girard commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff also filed an application to proceed in forma pauperis. Dkt. No. 5 ("IFP Application"). By Decision and Order filed March 23, 2015, plaintiff's IFP Application was granted and the sufficiency of the claims asserted in the complaint was considered in accordance with 28

U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 9 (the "March 2015 Order"). On the basis of that review, the Court found that the Eighth Amendment excessive force claims against defendants Hickey, Venditti, Thomas, Abate, and Gilfus and the First Amendment retaliation claims against defendants Hickey, Venditti, and Thomas survived sua sponte review and required a response. March 2015 Order at 10-11. The remaining claims and defendants were dismissed. *Id*. Defendants Hickey, Venditti, Thomas, Abate, and Gilfus submitted an answer. Dkt. No. 40.

Plaintiff subsequently filed five motions to amend his complaint. Dkt. Nos. 38, 39, 47, 59, and 64. By Decision and Order filed March 4, 2016, plaintiff's last-filed motion to amend (Dkt. No. 64) was granted in part and denied in all other respects and the remaining motions to amend (Dkt. Nos. 38, 39, 47, and 59) were denied. Dkt. No. 82 (the "March 2016 Order").[1] Among other things, the March 2016 Order found that plaintiff's Fourteenth Amendment due process claim against defendant Cuttle arising out of a disciplinary proceeding at which defendant Cuttle was the presiding hearing officer survived sua sponte review. *Id*. at 7-8. As a result of the disciplinary hearing, plaintiff was subjected to "mixed sanctions" affecting both the duration of his confinement (i.e., the recommended loss of good time) and the conditions of his confinement. Therefore, in order to proceed with his claim against defendant Cuttle challenging the sanctions affecting the conditions of his confinement, and because plaintiff had not demonstrated that the hearing determination had been invalidated, his due process claim against defendant Cuttle was barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), unless "he is willing to forgo once and for all any challenge

---

[1] The amended complaint, as modified by the March 2016 Order, is the operative pleading. *See* Dkt. No. 83; *see also* March 2016 Order.

2

to any sanctions that affect the duration of his confinement." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006); *see also* March 2016 Order at 8-10. Thus, the Court advised plaintiff that in order for him to proceed with his due process claim against defendant Cuttle, plaintiff must first submit a so-called "*Peralta* Waiver" in which he "waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement." March 2016 Order at 8-10, 19; *see also McEachin v. Selsky*, 225 F. App'x 36, 37 (2d Cir. 2007) (where an inmate brings a "mixed sanction" claim, the district court must provide the inmate with the option to "waive all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with claims challenging the sanctions affecting the conditions of his confinement."). The March 2016 Order therefore afforded plaintiff thirty days within which to advise the Court in writing whether he wished to waive his due process claims challenging the recommended loss of good time credits (the "*Peralta* Waiver"). March 2016 Order at 10, 19.

Currently before the Court is plaintiff's response to the March 2016 Order. Dkt. No. 87. Construed liberally, plaintiff argues that defendant Cuttle should remain as a defendant because plaintiff has alleged a meritorious due process claim against him. *Id*. at 2-3. Plaintiff's assertion that his due process claim against defendant Cuttle has merit does not overcome the fact that *Peralta* requires plaintiff to waive his challenge to the recommended loss of good time for all time in order to proceed at this time with his challenge to the sanctions that affected the conditions of his confinement. *See Peralta*, 467 F.3d at 104.

In light of plaintiff's pro se status, he is hereby afforded a second (and last) opportunity

to submit the required *Peralta* Waiver if he wishes to proceed with his Fourteenth Amendment due process claim arising out of the disciplinary proceeding conducted by defendant Cuttle. As advised in the March 2016 Order, the *Peralta* Waiver must clearly and unequivocally state that plaintiff waives for all times all claims in this action against defendant Cuttle relating to disciplinary sanctions affecting the duration of plaintiff's confinement (*i.e.*, the recommended loss of good time) in order to proceed with his claims against defendant Cuttle challenging the sanctions affecting the conditions of his confinement. *See* March 2016 Order at 8-10, 19.

Plaintiff is advised that in the event a proper *Peralta* waiver is not filed **within twenty (20) days** of the filing date of this Decision and Order, defendant Cuttle and the due process claim against him will be dismissed without prejudice in accordance with *Heck v. Humphrey*, 512 U.S. 477.[2]

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff is afforded a second (and last) opportunity to file the *Peralta* Waiver required by the March 2016 Order if he wishes to proceed in this action with his Fourteenth Amendment due process claims against Cuttle challenging the disciplinary sanctions affecting the conditions of his confinement; and it is further

**ORDERED** that plaintiff must file his *Peralta* Waiver **within twenty (20) days** of the date of this Decision and Order; and it is further

**ORDERED** that upon plaintiff's filing of the *Peralta* Waiver, and in all events, at the

---

[2] The dismissal of this claim would be without prejudice. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (stating that dismissal under *Heck* is without prejudice and that, if the plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, he may reinstate his suit).

expiration of the **twenty (20) day** period from the filing date of this Decision and Order, the Clerk shall return the file to the Court for further review; and it is further

    **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:    April 4, 2016

                                               Hon. Thomas J. McAvoy, SUSDJ