UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHAUNCEY GIRARD,

                        Plaintiff,

        v.                                               9:15-CV-0187
                                                             (TJM/DJS)

CUTTLE, et al.,

                        Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

CHAUNCEY GIRARD
11-A-1352
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN           JOHN F. MOORE, ESQ.
New York State Attorney General             Ass't Attorney General
Attorney for Represented Defendants
The Capitol
Albany, New York 12224

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

      Pro se plaintiff Chauncey Girard commenced this civil rights action pursuant to 42

U.S.C. § 1983 ("Section 1983"). The amended complaint, as modified by a Decision and

Order filed on March 4, 2016, is the operative pleading. Dkt. No. 83 ("Am. Compl"); *see also*

Dkt. No. 82 (the "March 2016 Order"). Among other things, and as relevant to this Decision

and Order, the March 2016 Order found that plaintiff's Fourteenth Amendment due process

claim against defendant Cuttle arising out of a disciplinary proceeding at which defendant

Cuttle was the presiding hearing officer survived sua sponte review. March 2016 Order at 7-8. However, because plaintiff was subjected to "mixed sanctions" affecting both the duration of his confinement (i.e., the recommended loss of good time) and the conditions of his confinement as a result of that disciplinary hearing, plaintiff was advised that in order to proceed with his claims against defendant Cuttle arising out of the disciplinary proceeding held before him, plaintiff must first submit a so-called "*Peralta* Waiver" in which he "waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement." March 2016 Order at 8-10, 19.[1] "The Court specifically advise[d] plaintiff that the Court will deem his failure to file this statement (the "*Peralta* Waiver") within the required time to constitute his refusal to waive these claims, and such failure will result in the dismissal of defendant Cuttle, and the Fourteenth Amendment due process claim against him, from this action without prejudice." *Id*. at 10.

In response to the March 2016 Order, plaintiff submitted a document wherein he argued that defendant Cuttle should remain as a defendant because plaintiff believed that he had alleged a meritorious due process claim against him. Dkt. No. 87 at 2-3. By Decision and Order filed on April 4, 2016, the Court found as follows:

> Plaintiff's assertion that his due process claim against defendant Cuttle has merit does not overcome the fact that *Peralta* requires plaintiff to waive his challenge to the recommended loss of good time for all time in order to proceed

---

[1] Because plaintiff was subjected to "mixed sanctions" in the disciplinary proceeding complained of, and because he has not demonstrated that these determinations have been invalidated, his claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), unless "he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

2

> at this time with his challenge to the sanctions that affected the conditions of his confinement. *See Peralta*, 467 F.3d at 104.

Dkt. No. 88 (the "April 2016 Order) at 3. In light of his pro se status, plaintiff was afforded a "second (and last) opportunity to submit the required *Peralta* Waiver if he wishe[d] to proceed with his Fourteenth Amendment due process claim arising out of the disciplinary proceeding conducted by defendant Cuttle." *Id*. at 3-4. Repeating the warning issued in the March 2016 Order, the Court again advised plaintiff that the "*Peralta* Waiver must clearly and unequivocally state that plaintiff waives for all times all claims in this action against defendant Cuttle relating to disciplinary sanctions affecting the duration of plaintiff's confinement (i.e., the recommended loss of good time) in order to proceed with his claims against defendant Cuttle challenging the sanctions affecting the conditions of his confinement." April 2016 Order at 4 (citing March 2016 Order at 8-10, 19).

Plaintiff subsequently submitted a document bearing the heading "Motion for *Peralta* Waiver." Dkt. No. 95. By this submission, plaintiff purported to comply with the waiver requirement of *Peralta* but, instead, stated

> Plaintiff waive[s] ***at this time as to Amend at a later time*** all Claims in this action affecting the Loss of Good time and Duration of Confinement to bring Violation of Due Process Claim Upon Defendant Cuttle.

*Id*. at 2 (emphasis added). After carefully scrutinizing plaintiff's submission, the Court was unable to construe it as a waiver ***for all times*** for all claims in this action relating to disciplinary sanctions affecting the duration of his confinement. By Decision and Order filed May 12, 2016, the Court advised plaintiff that he "may not waive his ability to challenge the loss of good time claims 'for all times' (as is required by *Peralta*) and at the same time retain the ability to amend those claims." Dkt. No. 109 (the "May 2016 Order") at 3.

3

In light of plaintiff's pro se status, and because he may have misunderstood the effect of a *Peralta* Waiver, he was afforded a third and final opportunity to submit the waiver required by *Peralta* if he wished to proceed with his due process claims arising out of the disciplinary proceeding presided over by defendant Cuttle. May 2016 Order at 4. Plaintiff was again advised that any *Peralta* waiver must clearly and unequivocally state that he "waives for all times all claims against defendant Cuttle in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with his claims against defendant Cuttle challenging the sanctions affecting the conditions of his confinement." *Id*. at 3-4 (citing March 2016 Order at 10; April 2016 Order at 4).

Plaintiff was warned that in the event a proper *Peralta* Waiver was not filed within twenty (20) days of the date of May 2016 Order, his due process claims against defendant Cuttle would be dismissed without prejudice in accordance with *Heck v. Humphrey*. After the May 2016 Order issued, plaintiff requested and was granted an extension of time until July 6, 2016, to submit a *Peralta* Waiver. Dkt. Nos. 111, 113. Despite the extension of time, and multiple opportunities afforded to plaintiff to comply with the Court's orders, plaintiff has not submitted a *Peralta* Waiver.

**WHEREFORE**, it is hereby

**ORDERED** that the defendant Cuttle, and the Fourteenth Amendment due process claim against him (as set forth in the amended complaint) are **DISMISSED** from this action

without prejudice;[2] and it is further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated:August 3, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (stating that dismissal under *Heck* is without prejudice and that, if the plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, he may reinstate his suit).